Henderson, Judge,
 

 remarked, that it was obvious from the finding in the case, that the injunction must be dissolved
 
 ;
 
 and added, that from the peculiar organisation of the Court, it not being open at all times, it might be absolutely necessary, and in this case was proper for the administration of justice, to grant several rules and orders at one and the same time, which, under a different organization of the Court, would properly be granted the one before the other.
 

 On the return of the rule,
 
 Seawell
 
 read the affidavits of the administrators of the securities, stating that they believed injustice liad been done by the finding, as they could shew, if an opportunity wore afforded by another trial of the issues, and that the principal in the injunction bond was insolvent, and that the intestate of one of the affiants had been dead more than seven years, and
 
 *495
 
 that distribution had been made among his distri-butees. And on this,
 

 Seutvdl
 
 moved for a new trial j and was opposed by
 

 Ruffin,
 
 who said that the application could not be heard from these parties. They could only be heard to rebut the propriety of making the final decree embrace them — they are no parties to the suit — they are bound for Complainant at all events, and to them, it is nothing how Complainant managed his cause. But if the principal in the injunction bond made this application himself, the Court would not listen to it. The case has been pending ten years, and he never took a deposition. On a rehearing of the testimony before the Court, it is not possible that any other result will take place, and this Court will not (at least without a satisfactory affidavit) permit further testimony to be taken. But if these persons were interested, they were bound to take, notice of a
 
 lis pendens.
 

 The Court refused a new trial, dissolved the injunction, and made a decree
 
 de bonis intestati,
 
 on the finding against the administrators of the securities.